IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

FRANKLIN L. WILLIAMS,

 Plaintiff,

vs.

MELBA H. FIVEASH, Clerk,

 Defendant.

CIVIL ACTION NO.: CV507-025

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate currently confined at the McIntosh County Jail in Darien, Georgia, filed a complaint pursuant to 42 U.S.C. § 1983. A prisoner proceeding in a civil action against officers or employees of government entities must comply with the mandates of the Prison Litigation Reform Act, 28 U.S.C. §§ 1915 & 1915A. In determining compliance, the court shall be guided by the longstanding principle that *pro se* pleadings are entitled to liberal construction. Haines v. Kerner, 404 U.S. 519, 520, 92 S. Ct. 594, 596, 30 L. Ed. 2d 652 (1972); Walker v. Dugger, 860 F.2d 1010, 1011 (11th Cir. 1988).

28 U.S.C. § 1915A requires a district court to screen the complaint for cognizable claims before or as soon as possible after docketing. The court must dismiss the complaint or any portion of the complaint that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1) and (2).

AO 72A
(Rev. 8/82)

In Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997), the Eleventh Circuit interpreted the language contained in 28 U.S.C. § 1915(e)(2)(B)(ii), which is nearly identical to that contained in the screening provisions of § 1915A(b). As the language of § 1915(e)(2)(B)(ii) closely tracks the language of Federal Rule of Civil Procedure 12(b)(6), the court held that the same standards for determining whether to dismiss for failure to state a claim under Rule 12(b)(6) should be applied to prisoner complaints filed pursuant to § 1915(e)(2)(B)(ii). Mitchell, 112 F.3d at 1490. The court may dismiss a complaint for failure to state a claim only where it appears beyond a doubt that a *pro se* litigant can prove no set of facts that would entitle him to relief. Hughes v. Rowe, 449 U.S. 5, 10, 101 S. Ct. 173, 176, 66 L. Ed. 2d 163 (1980); Mitchell, 112 F.3d at 1490. While the court in Mitchell interpreted § 1915(e), its interpretation guides this Court in applying the identical language of § 1915A.

Plaintiff asserts he requested copies of certain documents pertaining to a civil case beginning in July 2001 and continuing until April 2006[1]. Plaintiff asserts he needs these documents to "prove" his civil case.

"Access to the courts is clearly a constitutional right, grounded in the First Amendment, the Article IV Privileges and Immunities Clause, the Fifth Amendment, and/or the Fourteenth Amendment." Chappell v. Rich, 340 F.3d 1279, 1282 (11th Cir. 2003) (citing Christopher v. Harbury, 536 U.S. 403, 415 n.12, 122 S. Ct. 2179, 153 L. Ed.2d 413 (2002)). In order to pass constitutional muster, the access allowed must be more than a mere formality. Bounds v. Smith, 430 U.S. 817, 822, 97 S. Ct. 1491, 1495, 52 L. Ed.2d 72 (1977); Chappell, 340 F.3d at 1282. The access must be "adequate,

---

[1] Plaintiff states he was denied copies on March 26, 2007. The undersigned assumes Plaintiff erred in listing this date.

effective, and meaningful." Bounds, 730 U.S. at 822, 97 S. Ct. at 1495. For an inmate to state a claim that he was denied access to the courts, he must establish that he suffered "actual injury" by showing that the defendant's actions hindered his ability to pursue a nonfrivolous claim. Christopher, 536 U.S. at 415, 122 S. Ct. at 2186-87; Jackson v. State Bd. of Pardons & Paroles, 331 F.3d 790, 797 (11th Cir. 2003).

The undersigned presumes Plaintiff attempts to assert a claim that he was denied access to the courts due to Defendant Fiveash's actions; however, Plaintiff has failed to allege that he was pursuing a nonfrivolous claim. In addition, it seems that Plaintiff has available to him the option of filing a writ of mandamus with the Georgia Supreme Court. The Georgia Supreme Court has the authority "[t]o grant any writ necessary to carry out any purpose of its organization or to compel any inferior tribunal or officers thereof to obey its order." O.C.G.A. § 15-2-8(3). There is no evidence Plaintiff has pursued this option.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Plaintiff's Complaint be **DISMISSED** for failure to state a claim for which relief may be granted pursuant to 42 U.S.C. § 1983.

**SO REPORTED** and **RECOMMENDED**, this 27th day of March, 2007.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE